United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELMIS LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-21-1575 |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § § § | |
| | § | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Delmis Lopez slipped on a puddle of shampoo while shopping at a Family Dollar store in Houston in October 2018. (Docket Entry No. 1-1 at ¶¶ 4.1, 4.2). Family Dollar has moved for summary judgment, arguing that under Texas law, the premises liability claim fails because the record does not support an inference that Family Dollar had a duty to remove the shampoo or warn of its presence before Lopez slipped. (Docket Entry No. 16). Lopez has responded. (Docket Entry No. 19).

Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment and enters final judgment by separate order. The reasons are set out below.

**I.    The Rule 56 Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury

could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and internal quotation marks omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

## II.   Analysis

Because this court's jurisdiction is based on diversity, state law applies. *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). This slip and fall case is a classic premises defect claim. *See H.E. Butt Grocery Co., v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (a plaintiff who slipped on a puddle could assert only a premises defect claim). Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Robbins v. Sam's East,*

*Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)).

> To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries.

*Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

Family Dollar argues that Lopez has not pointed to evidence supporting an inference that it had actual or constructive knowledge of the shampoo puddle. Lopez argues that there are factual disputes material to determining whether Family Dollar had knowledge of the shampoo on the floor.[1]

---

[1] Family Dollar also argues that Lopez has not submitted evidence that could show proximate cause because expert testimony is needed to prove that her fall caused her hernia and subsequent surgery. Immediately after her fall, Lopez complained that she had twisted her back and requested help. (Docket Entry No. 16-1 at 5–6). She went directly to the hospital from the Family Dollar store. She was provided pain medication at the hospital and prescribed physical therapy for her back. (Docket Entry No. 19-1 at 6–8). Lopez subsequently required surgery for a hernia in her stomach. (Docket Entry No. 19-1 at 7–8). There is no clear link between the fall and the later stomach hernia.

Lopez cites *Lenger v, Physician's Gen Hosp. Inc.*, which explains that "[t]he trier of fact is usually allowed to decide the issue of causation in cases of this nature when general experience and common sense will enable a layman fairly to determine the causal relationship between the event and the condition." 455 S.W.2d 703, 706 (Tex. 1970). But Lopez also testified that she had a stomach procedure before the fall. (Docket Entry No. 19-1 at 8). Under Texas law, "[t]he general rule has long been that expert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of jurors." *Ramos v. Home Depot Inc.*, No. 3:20-CV-01768-X, 2022 WL 1018394, at *3 (N.D. Tex. Apr. 5, 2022). "Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). Whether expert testimony is necessary depends on the injury. *See Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007). Although Lopez's treatment at the hospital immediately after the fall is likely within what a jury could

3

A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Id.* (quoting *McCarty*, 864 F.3d at 358).

Lopez testified in her deposition that there were no other witnesses besides the customer who helped her after the fall and that there were no employees nearby. (Docket Entry No. 16-1 at 6). Lopez testified that she did not know if the customer who helped her or anyone else had reported the puddle on the floor before Lopez slipped. (Docket Entry No. 16-1 at 7). Lopez has not pointed to any evidence that Family Dollar caused the shampoo spill or had actual knowledge of it, or how long it had been on the floor before she slipped.

Constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect." *Id.* (quoting *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)). This question requires analyzing "the combination of proximity, conspicuity, and longevity"—that is, courts examine the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* (quoting *Wal-mart Stores*, 186 S.W.3d at 567–68). The dangerous condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. "[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and

---

reasonably infer, the current record is insufficient to support an inference of causation between the fall and her later hernia and surgical treatment.

4

significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

Lopez testified in her deposition that another customer helped her call an ambulance after the fall, including by getting the address of the store to provide the ambulance. This customer, according to Lopez, said that she had almost slipped on the same puddle 20 minutes earlier. (Docket Entry No. 16-1 at 6). Lopez testified that she did not know the customer's name, what the customer looked like, or where she had talked to the customer. (Docket Entry No. 16-1 at 6–7).

Family Dollar argues that the unnamed customer's statement that the puddle had been on the floor 20 minutes earlier is inadmissible hearsay. Lopez argues that the customer's statement should be admissible as a present sense impression or an excited utterance.

Under Rule 803(1) of the Federal Rules of Evidence, a statement is admissible as an exception to the rule against hearsay if it is a present sense impression. A present sense impression is a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). "Any statement made longer than a few minutes after a statement is unlikely to be admitted." 1 Stephen A. Saltzburg, Michael M. Martin, & Daniel J. Capra, FEDERAL RULES OF EVIDENCE MANUAL § 803.02[2][b] (12th ed. 2019). Present sense impression immediacy requirements "must be rigorous because the passage of time—or lack thereof—is the effective proxy for the reliability of the substance of the declaration." *Id.* The Fifth Circuit has recognized the present sense impression exception to hearsay only when the statement occurs immediately after the perceived event, such as within minutes. "[A]n out-of-court statement made at least fifteen minutes after the event it describes is not admissible unless the declarant was still in a state of excitement resulting from the event." *United States v. Cain*,

587 F.2d 678, 681 (5th Cir. 1979). Here, the alleged statement was the customer's description of what she had observed 20 minutes earlier. This is not a present-sense impression.

Lopez relies on *Schindler v. Seller*, 474 F.3d 1008 (7th Cir. 2007). That case does not help Lopez. *Schindler* sets out three criteria for a statement to qualify as a present sense impression: "(1) The statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter." *Id.* at 1011. "A declarant who deliberates about what to say or provides statements for a particular reason creates the possibility that the statements are not contemporaneous, and, more likely, are calculated interpretations of events rather than near simultaneous perceptions." *Id.* (quoting *United States v. Woods*, 301 F.3d 556, 562 (7th Cir.2002)). The customer's statement made 20 minutes after she first saw the shampoo on the floor does not meet the immediacy requirement.

Lopez argues that the customer's statement falls under the excited utterance exception. Under Rule 803(2) of the Federal Rules of Evidence, an excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). Lopez has not pointed to evidence that the customer was still under the stress of almost slipping herself 20 minutes earlier. Even if the customer was upset when she made the statement to Lopez, "[i]t is not enough . . . for the declarant to be excited and upset while making the statement; the perturbed mental state at the time of the statement must have been, more likely than not, continuous from the time of the startling event to the time of the statement." Saltzburg, Martin, & Capra, *supra*, § 803.02[3][a]. There is no continuity between the customer's encounter with the shampoo and the statement. The customer's statement was not an excited

utterance. *Cf. Canton v. Kmart Corp.*, 470 F. App'x 79, 83–84 (3d Cir. 2012) (an unidentified customer's statement is too unreliable to be a present sense impression or an excited utterance).

Because the customer's statement is inadmissible hearsay, Lopez has not pointed to any evidence that Family Dollar had actual or constructive knowledge of the shampoo fell before Lopez fell. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. Even if the customer's statement was admissible, Lopez has not pointed to evidence describing any Family Dollar employee's proximity to the hazard or the conspicuousness of the hazard. Lopez testified herself that she did not see the shampoo before she slipped on it. (Docket Entry No. 16-1 at 5). *See Mosley v. Kroger Texas L.P.*, No. 3:19-CV-02943-M, 2021 WL 857059, at *3 (N.D. Tex. Mar. 8, 2021) (a customer's statement that she had seen the spilled milk before the plaintiff fell did not support an inference that the store knew of the spill before the fall).

Lopez has failed to show that there are factual disputes material to Family Dollar's notice of the shampoo.

**III.     Conclusion**

Family Dollar's motion for summary judgment, (Docket Entry No. 16), is granted. Final judgment is entered by separate order.

SIGNED on June 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge